## Otis Allen & another *vs.* Moses Kimball.

A contract by a lumber dealer of Lowell, " to furnish all the lumber for Rodman s house in Roxbury, delivered in Boston, first floor to be delivered on the cars by the first day of August next," is fulfilled by a delivery on the cars at Lowell, by the first day of August, of a sufficient portion of the lumber for the first floor, and the residue in a convenient time afterwards, although it does not reach Boston until after that day.

To an action for the price of a quantity of lumber sold by the plaintiffs, of Lowell, to the defendant, of Melrose, according to an account annexed to the writ, the defence was that the lumber was bought under the following agreement : " Lowell, July 21. Otis Allen & Co. agree to furnish all the lumber for frame of Rodman's house, Roxbury, for sixteen dollars, delivered in Boston, first floor to be delivered on the cars by the first day of August next. Otis Allen & Co." At the trial in the court of common pleas, September term, 1853, before *Wells*, C. J., it appeared that a part of the lumber was not delivered in Boston, until long after the 1st of August, and that the defendant thereby suffered damage, equal to the balance claimed as due by the plaintiffs. The defendant requested the court to rule that this was a breach of the con-

tract, but the presiding judge ruled that if the lumber was delivered on board the cars in Lowell, by the first day of August, it was a compliance with the contract, although it did not arrive in Boston until some time after that day. The verdict was for the plaintiffs, and the defendant excepted to the ruling. The case was argued in Boston in January, 1854.

*I. W. Beard,* for the defendant.

*B. Dean,* for the plaintiffs.

BY THE COURT. The only point for the court in this case is, whether the judge put a right construction on the short contract for the sale of lumber, in pursuance of which, the lumber sued for in this action was delivered. In considering a contract thus briefly expressed, every clause must be taken into consideration, and considered in connection with the subject-matter, and under all the circumstances of time and place, modes of conveyance, and the like. Here the contract was dated at Lowell, the vendors were lumber dealers at Lowell, the lumber was to be used in Roxbury, and to be delivered at Boston, an intermediate place. Timber enough for the first floor was to be delivered on the cars by the 1st of August then next. What cars? Not cars running to Roxbury, for that was beyond the place of delivery. It was then the cars running from Lowell to Boston. This is the only stipulation as to time. The defendant admits that he received the first parcel in July, and he does not state it was not enough for the first floor. The only breach alleged is, that the plaintiffs did not deliver the whole by the 1st of August. In our view of the terms of the contract, we are of opinion that such was not its legal effect, and that the direction of the judge at the trial, was correct.

Had there been any right on the part of the defendant, after accepting the timber, to recover damages on account of the failure of the vendors in the performance of an executory stipulation on their part as to the time of delivery, of which we give no opinion, there was no such right in the present case, because there was no such failure.

*Exceptions overruled.*